UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DENNIS R. AYERS, | ) |
|     Plaintiff | ) |
| v. | ) No. 3:12-0220 |
| | ) Judge Campbell/Brown |
| SUMNER COUNTY JAIL, *et al.*, | ) |
|     Defendants | ) |

**TO: THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that this case be DISMISSED without prejudice for failure to prosecute and failure to obey Court orders.

### DISCUSSION

The Plaintiff filed his complaint against a number of Defendants in both their official and individual capacities.[1]

Chief Judge Campbell allowed the case to proceed and directed the Clerk to send the Plaintiff a service packet, and directed the Plaintiff to return the completed service packets within 21 days from the date he received them (Docket Entry 4). He was specifically forewarned that failure to return the complete service packets within the time required could jeopardize his prosecution of this action, and that failure to keep a current

---

[1] It is unlikely that the Sumner County Jail is in any way an entity which can be sued.

address on file with the Clerk's office could also jeopardize the prosecution of his case.

The Plaintiff has ignored both of these directives. Mail sent to the Plaintiff has been returned as undeliverable. On March 29, 2012, the Magistrate Judge entered an order (Docket Entry 7) pointing out the Plaintiff's failure to return the service, and again warned him that failure to return the service packet could jeopardize his case. The Clerk was directed to send the order by both regular and certified mail, as well as sending it to the jail where the Plaintiff was previously incarcerated. While some of the mail was returned as undeliverable, it does appear that the Plaintiff signed for a certified letter containing a copy of Docket Entry 7 on April 6, 2012 (Docket Entry 12).

The Plaintiff was given 14 days to show cause why the Magistrate Judge should not recommend that his case be dismissed for failure to prosecute and failure to obey a Court order. Despite the clear directive of both the orders set forth in Docket Entries 4 and 7, the Plaintiff has failed to either return service packets or to show cause why he has not responded.

**LEGAL DISCUSSION**

The Court must be able to control its docket and have its orders obeyed. In this case the Plaintiff was specifically warned on two occasions of the necessity for complying with Court orders and the Plaintiff has failed to take any corrective action

2

whatever. Without service packets the Court is unable to begin processing this case by obtaining service of process on any Defendants. The Magistrate Judge has considered lesser sanctions, but given the failure to comply with two Court orders to date, further delay in the matter does not appear to be effective. Prospective Defendants have a right to be served with process before memories fade and records are misplaced or destroyed. Without the service packets being returned the process of having Defendants served and their having an opportunity to respond is lost.

Under these circumstances the Magistrate Judge believes that dismissal of this case without prejudice is appropriate.[2]

**RECOMMENDATION**

For the reasons stated above the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and failure to obey Court orders.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections.

---

[2]The Magistrate Judge expresses no opinion on whether the statute of limitations would bar a new suit.

Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 2nd day of May, 2012.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge